Oral arguments not to be taken as an aside. Mr. Butler, will you be reserving any time for rebuttal? Yes, Your Honor. I would like to reserve two minutes, please. Okay. You may proceed. Thank you. Good morning. I'm new at this also. I've been a trial lawyer for about 30 years. May it please the court. This is an appeal by William Dukes Jr from his conviction on one count of a three count indictment. The count he was convicted on deprivation of rights under color of law 28 U.S.C. 242. Our appeal is we believe that trial court abuses discretion in allowing the government's expert witness to testify over Dukes' objection extensively on matters of law. In fact... Didn't the trial court give a limiting instruction and we've often said that cures the problem. Why isn't that given? However, if one examines the record, it will see that the government testified and I think the United States has argued that under rule 704, it's permissible for an expert witness to give an opinion on an ultimate issue. However, this is a specialized point of law probable cause that Mr. Zerlinski, the government's expert witness, was allowed to espouse his opinion on. In fact, if justices look at page 25 of the government's brief, the government says, and I'll quote, Zerlinski never once mentioned probable cause or used the term willfully. If you look at the appellant's reply brief on page 3, Mr. Denbo, who was the chief trial counsel for the government on that case, asked this question, and again I'm quoting, I'm going to ask, having reviewed the reports, in your expert opinion, do these reports demonstrate probable cause for harassing communication? I read that portion of the transcript and that's when the counsel was talking to the defendant and I went and looked at what he actually asked. He didn't mention probable cause, he just asked, did the alleged victim, did the victim violate the harassing communication statute in your opinion? So he never mentioned the word probable cause and actually the testimony before the jury. And I think that Mr. Zerlinski was allowed to testify that in his opinion, harassing communications was not present based on... That's different than saying there wasn't probable cause, right? That's correct. So did he or did he not testify in front of the jury that there was or wasn't probable cause? The government makes this assertion, you take issue, but... My issue is that the answer, again, when the fact that there was or the belief that there was no probable cause was suggested to the jury, I believe that's the same as giving an opinion, no it isn't or wasn't. And following up on the harassing communication, that expert witness was allowed to give an opinion that there was no harassing communication present based on his review of the reports and records. And I think that is, that also is a specialized opinion that's been held that it's not permissible to say that the law was broken. The government has introduced some cases where colloquial terms such as stole, check kiting, and the like, that's okay under 704, but I don't believe it's okay to give an opinion. And I may stand corrected on my probable cause assertion, but I'm absolutely positive the government asked was harassing communications here and the witness was allowed not to say that. In light of the fact that all the phone calls, the body cam, and everything else was in front of the jury, I mean, why wasn't this harmless even if improper? It wasn't harmless because this is a three count indictment. Count two had to do with whether or not Will Dukes made an arrest causing injury and retaliation. And count three was the charge of obstruction of justice. But why are we looking, we don't care because those counts aren't before us, right? The sole question is was this harmless in light of the conviction in count one? I understand that, Your Honor, and the point is Mr. Dukes testified for five hours at trial. The jury heard what he testified to. In fact, he testified that there were five telephone calls. The first two he took after the second call, he was annoyed. He said looking at the he heard the recording, he wasn't present for that. Then there were two calls to the Kentucky State Police. What was, so just because he called five times, you have to show that the call was not for a legitimate purpose and it seemed each call had a legitimate purpose of trying to figure out if he could go on the street the next morning to pick up a friend. So what is the best, there may have not been a legitimate purpose for these calls. Because the first call, in the first call I believe the complaining witness was instructed when he could make a complaint. He continued the next four calls, he asked the same thing and I think that's the problem. The first call may have been legitimate. After that calling and calling and calling to three different agencies and this is a small area, it's not like there are tons of operators to take these calls. That's the problem. That's the scintilla of evidence that we're looking at and in fact the government's expert witness did not have or wasn't solicited for his opinion on counts two and three. I understand that we're not here to deal with two and three but I'm trying to show justices why it wasn't harmless error to allow Mr. Serlinski to give an opinion that invaded the province. I'm sorry Mr. Butler, I'm having trouble following you. I still don't understand why counts two and three relate to harmless error. Because Mr. Dukes testified to the jury. He testified for about five hours. I understand that but he was found not guilty of counts two and three. That's right and your honor, that counts two and three, the expert witness didn't give his opinion that there was no harassing communications. That would lead one to believe that the jury listened to Mr. Dukes and absent if we have... It's hard to get into a jury's mind. It could be for any set of reasons. All we do is look at the evidence in the record and it seems to me that the question you haven't answered is looking at the four or five calls, I'm aware of four of them that were actually played. Only four were played for the jury. There were five made but only four were played. Looking at the four calls that were played, the body cam and the testimony, why isn't it harmless? That's what I don't understand. Why is that evidence not determinative? It's not determinative because juries take stock of what experts say. In this case, this expert told the jury, invaded the province of the judge. The judge should have instructed on the law, not the expert witness, your honor. The judge gave a limiting instruction and you couple that with the evidence. I'm struggling to see... Your answer seems to be, well, it's the ultimate issue so it's going to cause a problem because this was an expert. I understand. I understand the judge gave a... However, if one looks at the record, it will see that just the judge giving a limited instruction did not cure this problem. I guess that's my point. That answers my question. I mentioned that the government probably will argue that there was harmless error, that this was what happened there. A probable cause is grounds for belief, supportive of less than prima facie evidence, but more than suspicion. I think, back to that point, Dukes testified that after the second call, he was annoyed. He thought that there was something wrong and there was harassed communications committed. Then the next three calls, he considered in totality of circumstances. I believe the expert witness... How do you factor in the calls for which are in his presence and which aren't? The calls that were in his presence were... I understand which ones they were. You're referencing the other three calls. Can we consider those in the determination of whether there was a legitimate purpose? That's part of the totality of circumstances in this case that he was able to consider before. If I hear of a crime, I can arrest for it? It depends on... I believe it would depend on the crime you heard of. In this case... A minor crime like this. Well, if you're a police officer in Webster County, Kentucky, and you have been informed by the dispatcher of Kentucky State Police two times, by the Webster County dispatcher once that this individual has been making these calls, I believe that presence of a witness is... I don't think the judge instructed that presence is necessary. Mr. Butler, your time's up. Do you want to wrap up? Your Honor, I believe that the evidence has shown that Mr. Zerlinski invaded the province of the jury and... Excuse me, of the court. The court should have instructed on the law, and therefore, I think this should be... Thank you. May it please the court, my name's Teresa Kwong, and I represent the United States. The district court did not abuse its broad discretion by admitting Zerlinski's testimony for the limited purpose of determining willfulness. At no time does Zerlinski testify that Dukes lacked probable cause or that he acted willfully. He did testify, right, that he didn't have a legitimate reason to arrest him. Well, even when Zerlinski stated that he did not think that there was justification for Dukes to arrest Little Page because Little Page's calls... Isn't that the ultimate issue? Because the whole question in this case is whether or not he had probable cause to arrest him at the time he went to his home. Well, he based his decision on, or his testimony on the fact that he did not think that Little Page's calls met the definition for harassing communication. Why isn't that a determination the jury should make? Well, that is... The jury should... The ultimate issue here is whether Dukes had probable cause. And even with this testimony by Zerlinski, the jury still needs to take another step. The jury still needed to decide if Dukes acted with probable cause. It would have been an error if he actually opined instead of just that there was no legitimate purpose. If he had opined, as opposing counsel suggested, that there was no probable cause. I think if he actually said the words probable cause, it could be error under Torres because probable cause is a term that has a specialized legal meaning. However, the result would still be the same because even if any error associated with admitting Zerlinski's testimony under those facts, the error would be harmless because of the powerful testimony that Dukes provided at trial. The court highlighted the recordings of Little Page's calls and all the other evidence that was presented to the jury, but Dukes' own testimony, as Mr. Butler testified, Dukes testified for five hours. And he provided very strong evidence that he did not have probable cause to arrest Little Page. He testified that he understood the elements for harassing communication, one of which is that the communication must not serve a legitimate purpose. He agreed that citizens have a right to complain about law enforcement officers who exceed their authority. And he also testified that Little Page called the Providence Police Department to seek information about filing a complaint against Dukes for exceeding his authority. In addition, Dukes testified that he exceeded his authority by ordering Little Page not to drive on a public road and that that part of Little Page's complaint was legitimate. If there was probable cause, do you concede he could have arrested him? I'm sorry? If there was probable cause, do you concede he could have arrested him? If there was probable cause, yes. So then why does it matter which calls were actually in his presence and which weren't? If he could conclude from the totality of the calls that it was harassing communications, why does it matter? Well, the totality of the circumstances is what he should have looked at under Kentucky law. He needed to be present for those calls. Why? Police officers often aren't present when they make a call as to probable cause. Well, even if you consider the other calls, the record shows, as the court pointed out, that those calls had a legitimate purpose. No, I understand that. I'm assuming they didn't for my question. Let's say he could rationally conclude that there was probable cause, considering all four or five calls. Could he then have arrested him? That's my question. Yes. Irrespective of whether he received the calls or not. Yes, he could. But here, as you pointed out, we have strong evidence in the record showing that all the dispatchers, including those latter calls, all the dispatchers testified that Little Page's calls had no legitimate purpose. So even if you considered all the calls, Little Page's calls wouldn't meet the definition of harassing communication, and consequently, Dukes would not have probable cause to arrest him. Let me see some of the points that Mr. Butler suggested. Mr. Butler argued that Dukes used specialized language, I mean, I'm sorry, Zerlinski used specialized language in his testimony, but the record shows that Zerlinski's testimony did not contain an impermissible legal conclusion under TORAS. As this court stated in TORAS, whether testimony contains an impermissible legal conclusion turns on phrasing. And here, Zerlinski was never asked whether Dukes lacked probable cause, he was never asked if Dukes' conduct was unlawful. Zerlinski's testimony did not contain any terms with a separate legalized meaning different from the lay opinion at lay meeting, and he did not track the language of section 242, and he did not opine about Dukes' guilt. Can I ask a question? So the theory for why Zerlinski could testify is you wanted to prove Dukes' willfulness because it went to his training. And there is a lot of testimony that seemed perfectly consistent, it was just fact testimony, because he was talking about what he had instructed Dukes in the course that Dukes took. But then how does his giving an ultimate, or his giving a conclusion on the particular facts of this case in any way go to Dukes' training? So the first, the government's theory for why this testimony should be introduced is it went to the willfulness element, and a large portion of the testimony I think was it went to that because it was fact testimony about what he had talked about. But then why would the, Zerlinski's opinion on whether this had a legitimate purpose go to his willfulness? We would argue that Zerlinski, as you point out, Zerlinski testified extensively about Dukes' training, and that this question about was there justification for Dukes to arrest Little Page was part of that testimony about Dukes' training. How was it part of the testimony about the training? I get all the training testimony, as Judge Murphy said, but how could a question about whether it was legitimate to arrest him in this particular circumstance, it was proper? It's circumstantial evidence that he knew that it was improper to arrest Little Page and he did so anyway. He knew that this communication, Little Page's calls did not go under. So you can testify all about the facts and as a result that he understood and he may have been willful in that sense, but when you're testifying about whether or not there was probable cause in this case, in essence, that seems, I mean, you admit early on that if you used the magic words probable cause, that would have been a problem. So I mean, you're just painting it with different colors now. Well, as this Court stated in Torres that, you know, whether testimony contains an impermissible leave inclusion turns on phrasing and here, if he was asked did Dukes lack probable cause. There was no reason to arrest him. What was the exact language? I can't remember. There was, he said something to the effect that there was no reason to arrest him. Well, the question was, was there justification to arrest Dukes. Right. And he said there wasn't because he didn't think that the, if you look at the context of that question, because he didn't think that the calls met the definition for harassing communication. That means there's no probable cause, right? When the jury, I mean, the jury then interprets that, I'm sorry to interrupt you, but the jury then interprets that to mean there's no probable cause. No, because the jury still needed, what the jury needed to determine in deciding whether Dukes had probable cause is not just whether the harassing communication had a legitimate purpose. The jury had to decide whether an objectively reasonable officer would conclude, based on the surrounding circumstances, that there was a fair probability that the person being arrested had committed a crime or was committing a crime. For example, there are situations where the defendant may be mistaken about probable cause. Let's say an example where the officer arrests someone for drug possession. The whole first part of his testimony was this, Dukes wasn't going to make a mistake because he got an 87 on his test and he understood all this stuff. And then this is what a reasonable officer, in essence, would not conclude this. Dukes is reasonable, so he didn't have probable cause. That's in essence the ultimate, he's testifying. I don't think one conclusion follows the other all the time. So there was an extra step that the jury needed to take, and Zerlinski's testimony only got them so far. The jury could infer from his testimony that Dukes didn't have probable cause. If we conclude otherwise, do we have to reverse? No, because if you find that an omission of Zerlinski's testimony was an abuse of discretion, that any error associated with his testimony was harmless, as I discussed earlier, because of Dukes' own testimony in this case. In addition to the other evidence, you know, the recordings of Little Page's calls, and also testimony by the dispatchers, if you consider all the dispatchers. The dispatchers for the Webster County Sheriff's Department and Kentucky State Police both testified that they did not, well, they testified that Little Page had a legitimate purpose for his calls, and that they were not annoyed, harassed, whatever. They had no problems with his call. So there's... In the harmless error analysis, we're allowed to look at, as Mr. Butler suggested, the fact that Dukes was acquitted on counts two and three. Is there, what's the government's position on whether we should look at those? The government doesn't believe that there's any relevance to looking at the other counts, all those, the offenses charged in each count. I'm just asking how you can say that. The expert testifies on one count, not the other two. He gets acquitted on the other two. What's the matter with his argument that absent that testimony, he wouldn't have been acquitted? You may not agree with the ultimate conclusion, but why isn't it relevant, at least as to that part of the argument? The expert's testimony on willfulness actually applied to counts one and two. But the other two counts, two and three, had different elements. So, you know, in count two, the government also needed to prove not just willfulness, but the government also needed to prove that Dukes retaliated against Little Page for exercising his First Amendment rights. I think what bothers me the most about this case is, and I understand you have a job to do, but your steadfast argument that this was proper testimony seems to be pretty problematic in this case. Have you found any other case where the prosecutor brought in a person who trained a police officer to tell the jury that, well, I trained him on this, so therefore, if he violated what I trained him on, it must have been a willful act? There are, the courts have recognized that using, that evidence of a departmental training is helpful for determining the officer's state of mind in Section 242 cases. U.S. v. Pro Anno, which is a Seventh Circuit case, discusses that extensively. There's a case in the Sixth Circuit called Heflin that was cited in U.S. v. Sheffy, which is cited in our brief, where there was an expert witness. So in those cases when they were being offered to prove a state of mind, did the expert then take the final step that was taken here to say, therefore, I think it was willful? No, I don't think the expert can say, therefore, I think it's willful, because if you actually say the word willful under TORAS, then you are, you know, including a legal conclusion in your testimony. But if you don't, you just. It seems like this is a huge game, where under probable cause, you can define probable cause and you can say what all the elements are, so therefore, you can bring in an expert that in essence testifies it was probable cause, but just doesn't use the same word. And then you're saying that you're making the same argument under willful. Well, I think as this court stated in TORAS, it is sometimes difficult to determine when a legal conclusion is implicated in testimony, and therefore, the test is did the expert use terms with specialized legal meaning? That's different from the lay meaning. Like in Volkman, the expert used the term. So clear to me, why did you bring this guy in to testify? That's, I'm sorry, that's not my call. I thought, as I said, courts have recognized. Did you try the case below? No, I didn't. But courts have recognized that such evidence of training, it's very useful to show whether the defendant acted willfully. But it seems to me, in Judge McKeek's point, you could have done all that without getting into such troubling waters, especially with such a strong case. I mean, at some point, just good practices indicate the prosecutor shouldn't have asked these questions. Well, we'll take that going forward. But as you pointed out, we have a strong case here, and the court should affirm the conviction. And that's what's so troublesome about this. The stronger the case is, it just seems to me that in my experience, the more the government stays away from crossing some imaginary line. That's where this case doesn't make a lot of sense. I think you have different ways. You could say that the bottom line is that Zerlinski's testimony did not contain a legal conclusion. It did not state that deflect probable cause. And in the end, even if you disagree with that and find that admitting his testimony was an abuse of discretion, admission of that testimony was harmless. Thank you, counsel. Thank you. Mr. Butler, you have two minutes. Thank you. Really, I don't need two minutes. I want to say that the term harassing communication does have specialized meaning. That's what the 525.080 is. And two, Dukes testified at trial that after the second phone call, he believed he had probable cause to make an arrest. The other three phone calls after that lended totality of the circumstances. Thank you. Thank you. The case will be submitted. Please call the next case.